THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| SWISHER HYGIENE FRANCHISE CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 3:06-cv-00359-MU |
| ) | |
| ) | |
| HYGIENA, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## **CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

It is hereby stipulated and agreed, by and between the parties hereto and their respective counsel, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that certain documents and information requested by the parties in oral and written discovery in this action may contain confidential research, development, commercial, trade secret, or other proprietary information, which should be protected from unauthorized disclosure.

Accordingly, the discovery of certain documents and information may be conducted only pursuant to the following terms, conditions, and restrictions:

1.  Documents and written information produced by any party or nonparty in the course of discovery in this action that are confidential in nature and that contain confidential research, development, commercial, trade secret, or other proprietary information may be designated as such by the person producing the material. All such designations shall be made in good faith and for a legitimate purpose. Such designations shall be made by placing on the face of the material the following designation:

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

Duplicate copies shall also be deemed CONFIDENTIAL. The use of information that has been designated as CONFIDENTIAL may be further restricted by the additional designation of such information as ATTORNEYS' EYES ONLY. Notwithstanding the foregoing, documents that are public records or in the public domain shall not be considered CONFIDENTIAL.

2. Counsel for any party or any witness may designate the transcript (or any portion thereof) of any deposition as CONFIDENTIAL by so stating on the record of the deposition or by doing so within seven (7) days of receipt of the transcript of the deposition or within seven (7) days of the entry of this Protective Order by the Court.

3. Except as otherwise provided herein, documents, deposition transcripts, and any other information designated as CONFIDENTIAL pursuant to this Protective Order, and any information contained therein, and any notes, abstracts or summaries made therefrom, shall not thereafter be disclosed in any manner to anyone other than the parties herein, their respective counsel, including legal assistants or other regular law firm employees working under counsel's supervision who are involved in the prosecution or defense of this action, and persons employed by or assisting counsel in preparation for, or at the trial of this action, including experts or consultants whom counsel may consult, and all such information shall be used solely for the prosecution or defense of this action.

4. The only persons who shall have access to CONFIDENTIAL information or documents designated ATTORNEYS' EYES ONLY shall be outside counsel of record in this litigation and any associates, secretaries, legal assistants, support staff employees, and independent experts to whom it is necessary that the information or documents be disclosed for

the purposes of this litigation. Such designation shall be made by marking at least the front page of the document at or before the time of production substantially as follows:

CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY SUBJECT TO PROTECTIVE ORDER

In the event that information or documents designated CONFIDENTIAL are later desired by a party to come within the ATTORNEYS' EYES ONLY category, such information or documents can be added to that category if mutually agreed upon by the parties or upon Order of this Court after appropriate motion. During the pendency of any such motion or request by a party, the information or documents at issue shall be treated as coming within the ATTORNEYS' EYES ONLY category until the request or motion is resolved.

5. In the event that counsel for any party determines that the defense or prosecution of this action requires material that has been designated as CONFIDENTIAL pursuant to this Protective Order, including depositions, be disclosed for any purpose to persons not otherwise authorized herein, written notice that such party intends to seek permission of the Court to make such disclosure, identifying the otherwise unauthorized person and designating the information desired to be disclosed, must be made to the party who submitted the documents or information not less than five (5) days prior to the intended disclosure. If within five (5) days after the receipt of notice, the party who submitted the documents or information makes a written objection to the party giving the notice, the CONFIDENTIAL material shall not be disclosed unless the Court so orders. If timely written objection is not made, the party who submitted the documents or information shall be deemed to have waived any objection to the disclosure of the designated information to the identified person only, and such disclosure may proceed without further Order

of the Court.  Before disclosure of any CONFIDENTIAL materials may be made to persons not otherwise authorized herein, whether by Court Order or otherwise, the persons to whom such disclosure is to be made must comply with the conditions set forth in paragraphs 7 and 8 below.

6. A party shall not be obligated to challenge the propriety of a CONFIDENTIAL designation or CONFIDENTIAL - ATTORNEYS' EYES ONLY designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event that any party to this litigation disagrees at any point with the designation by the producing party of any information as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY, the parties shall try first to resolve the dispute informally and in good faith.  If the dispute cannot be resolved, the objecting party may seek appropriate relief from the Court.

7. Each person to whom disclosure of any CONFIDENTIAL material is made in accordance with this Protective Order is hereby prohibited from divulging any of the materials so obtained without proper authorization, or from exploiting in any way such material for his or her own benefit, or from using such material for any purpose or in any manner not directly related to the prosecution or defense of this action.

8. Each person to whom disclosure of any CONFIDENTIAL material is made in accordance with this Protective Order, including the parties hereto and their attorneys, agents and representatives, must consent to be bound by the terms of this Protective Order.  Prior to any such disclosure, each such person (excluding the parties' full-time employees, counsel of record and their respective employees engaged in the prosecution or defense of this action) shall execute the undertaking attached hereto as Exhibit A, a copy of which shall be maintained by the parties' respective outside counsel.

9. In the event a deponent in this action refuses to execute a copy of Exhibit A, said deponent shall be advised, on the deposition record, as to the effect of this Protective Order and the record shall reflect the deponent's refusal to execute the consent form.

10. Unless counsel for all parties agree otherwise, or until an Order of this Court otherwise directs, all CONFIDENTIAL material and all pages of any briefs, memoranda, affidavits, transcripts, exhibits, and other papers containing notes or summaries of material that have been designated as CONFIDENTIAL pursuant to this Protective Order and are presented to the Court shall be sealed, and marked with the legend "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER-NOT TO BE OPENED EXCEPT BY COURT AUTHORITY OR BY AGREEMENT OF ALL COUNSEL," and filed with the Clerk of Court.

11. For purposes of the use at trial or other proceeding of any of the material designated as CONFIDENTIAL pursuant to this Protective Order, the ultimate determination of the confidentiality of any such material shall be made by the Court upon application by any party, and the designation of material as CONFIDENTIAL shall not otherwise affect the Court's determination as to whether it shall be received into evidence at trial or other proceeding; nor shall such designation constitute the authentication of such material or a waiver of any right to challenge the relevance, confidentiality, or admissibility of such material.

12. Within sixty (60) days of the final disposition of this action, including the exhaustion of any appellate proceedings, all materials which have been designated as CONFIDENTIAL pursuant to this Protective Order and all copies, excerpts or extracts, except for such material which has become part of the record of this action, shall be either: (i) returned to the person producing the material, or (ii) destroyed with certification under oath made to the

person producing the material confirming the destruction thereof; provided, however, that outside counsel for each party, and only said outside counsel may, if they so elect, retain one copy of each deposition transcript, one copy of each deposition or trial exhibit, one copy of each item containing CONFIDENTIAL materials filed with the Court pursuant to this Protective Order, and one archived set of produced documents, which may be retained by said counsel if such CONFIDENTIAL materials are kept in an appropriately secured manner.

13.    Any violation of the terms of this Protective Order shall be deemed grounds for a contempt order against the offending person.

14.    Inadvertent production of documents subject to work-product immunity, the attorney-client privilege, or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the producing party shall promptly notify the receiving party in writing of such inadvertent production. If reasonably prompt notification is made, such inadvertently produced documents and all copies thereof, as well as all notes or other work product reflecting the contents of such materials, shall be returned to the producing party or destroyed, upon request, and such returned or destroyed material shall be deleted from any litigation-support or other database. No use shall be made of such documents during deposition or at trial, nor shall they be shown to anyone who was not given access to them prior to the request to return or destroy them. The party returning such material then may move the Court for an order compelling production of the material, but such motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

15.    The provisions of this Protective Order shall survive the settlement, judgment or other disposition or conclusion of this action, and all appeals therefrom, and this Court shall retain

continuing jurisdiction in order to enforce the terms of this Protective Order.  The ultimate disposition of protected materials shall be subject to a final order of the court on the completion of litigation.

AGREED AND SUBMITTED FOR ENTRY:

DATED:     Charlotte, North Carolina
           January 18, 2007

| JAMES, MCELROY & DIEHL, P.A. | ALSTON & BIRD, LLP |
|---|---|
| By:   s/Richard B. Fennell | By:   s/Mark Vasc0 |
| Richard B. Fennell: N.C. State Bar No. 17398 | Mark Vasco:  N.C. State Bar No. 27048 |
| E. Gardner : N.C. State Bar No. 28275 | Kerry L. Traynum:  N.C. State Bar No.  32968 |
| 600 S. College Street | 101 South Tryon Street |
| Charlotte, NC  28202 | Suite 4000 |
| Phone: (704) 372-9820 | Charlotte, NC 28280 |
| Fax: (704) 342-5858 | Telephone: (704) 444-1000 |
| Email: Rfennell@JMDLaw.com | Fax: (704) 444-1111 |
| Email: Jgardner@JMDLaw.com | Email: mark.vasco@alston.com |
| | Email: kerry.traynum@alston.com |
| *Attorneys for Plaintiff Swisher Hygiene Franchise Corp* | *Attorneys for Defendant Hygiena, LLC* |

So ordered.                               Signed: January 26, 2007

*[signature]*

Graham C. Mullen
United States District Judge

THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

SWISHER HYGIENE FRANCHISE CORP., )
                                           )
                     Plaintiff, )
                                           )
              vs. )      Civil Action No. 3:06-cv-00359-MU
                                           )
                                           )
HYGIENA, LLC, )
                                           )
                   Defendant. )
_____ )

**UNDERTAKING OF** _____

      The undersigned hereby acknowledges that he/she has read the Protective Order entered by the Court in this action on _____ 2007, a copy of which is attached hereto, and does hereby agree to comply with and to be bound by the terms of the Protective Order. The undersigned specifically acknowledges and agrees that he/she is prohibited from disclosing or divulging any of the materials designated as CONFIDENTIAL in this action, from exploiting in any way such CONFIDENTIAL materials for his/her own benefit, or from using such CONFIDENTIAL materials for any purpose or in any manner not connected with the prosecution or defense of this action. The undersigned hereby submits to the jurisdiction of this Court for the purpose of enforcement of the Protective Order. The terms of the Protective Order are incorporated herein by reference.

Dated: _____          _____
                              Printed Name: _____


Sworn to and subscribed before me
this ____ day of _____, 2007.

_____
Notary Public
My Commission Expires: _____